[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff petitions under R.I.G.L. § 28-9-18 as amended to vacate an arbitrator's award. The dispute between plaintiff and the defendant town arose when plaintiff filed a grievance averring that a retired police officer had not received annual pension increases in accordance with the terms of the contract[1] theretofore entered between the parties. The arbitrator's decision sets forth the issues before him, lists the exhibits and the names of witnesses who testified and summarizes the proceedings before him. After reviewing his notes of the testimony of witnesses, reviewing the exhibits and considering the briefs submitted by the parties he made certain findings of fact. And, satisfied that the contract between the parties had been modified and clarified at a meeting some eighteen months before the grievance was filed, that the Lodge accepted the town's formula for establishing pension payments, that the contract had been orally amended and that there was no evidence before him which would establish that the payments in dispute were to be compounded, he rejected the grievance. The defendant duly filed its' objection to the petition. Before the Court are the award of the arbitrator, some eight pages in length, and memoranda submitted by the parties. The Court has reviewed the record before it and has considered memoranda of counsel.
"Since arbitration is the creature of a contract wherein the parties themselves, by agreement and submission, define the arbitrator's powers, courts, in deciding whether arbitrator's have exceeded their powers need only examine the submission and award to determine whether the award conforms to the submission."Coventry Teachers' Alliance vs. Coventry School Committee,417 A.2d 886 at 888 (R.I. 1980). And, plaintiff here has the burden of proving that the arbitrator exceeded his authority; " — — every reasonable presumption in favor of the award will be made." Coventry Teachers' Alliance, supra, at 888. And, the Court "has no authority to vacate an arbitrator's award absent a manifest disregard of the provisions of the collective-bargaining agreement or a completely irrational result." Coventry Teachers'Alliance, supra, at 889. And finally, even though an arbitrator misconstrues either the contract or the law (which the Court does not find to be the case here), such misconstruction "affords no basis for striking down the award." CoventryTeachers' Alliance, supra, at 889.
The Court finds no basis upon which to grant the relief sought by plaintiff. The award should be and it hereby is confirmed.
Defendant, in its' memorandum, invokes R.I.G.L. § 28-9-18(c) as amended and requests payment of the town's costs and reasonable attorney's fees. The statute invoked requires, when an arbitrator's award is denied, "the moving party shall pay the costs and reasonable attorney's fees of the prevailing party." If counsel can agree upon what constitutes proper costs and a reasonable attorney's fee here, stipulation may be submitted; otherwise, the Court will hear the parties on the issue.
[1] A main part of the plaintiff's argument is that because the contract was between the Fraternal Order of Police and the town of Tiverton, the arbitrator exceeded his authority in finding the agreement was orally amended, and this because the amendment was made at a meeting between town pension trustees and three union members. But, arbitration proceeded under the issues framed, and issue #2 reads: "Whether the oral agreement of the parties in February 1986 constituted a binding modification or clarification of the parties' contract." Clearly, having gone to arbitration on that issue, plaintiff cannot now complain that the arbitrator decided it.